# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MELVIN MAURICE ECHOLS, Jr.,**

    Plaintiff,

    -vs-                               Case No. 15-C-1094

**PFERD ADVANCE BRUSH, INC.,**

    Defendant.

## DECISION AND ORDER

The *pro se* plaintiff, Melvin Maurice Echols, Jr., alleges unlawful discrimination by his former employer, Pferd Advance Brush, Inc.. Pferd moves to dismiss for failure to state a claim.

Pferd argues that Echols fails to state a plausible claim for relief because his complaint does not specify that he is a member of a protected class. This inference is easily drawn from Echols' allegations combined with the right-to-sue letter attached to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

Regarding the right-to-sue letter, however, the Court agrees that Echols' complaint is untimely. A complaint alleging violations of Title VII is time-barred unless it is filed no more than 90 days after the plaintiff

receives a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001). Echols' complaint was filed on September 8, 2015, 134 days after the right-to-sue letter was mailed on April 27, 2015. Echols fails to provide an excuse for his tardiness. Instead, Echols argues, incorrectly, that the 90-day period should run from June 8, 2015, the date the EEOC sent Echols a letter confirming his request for a copy of his file.

Echols also appears to bring claims for relief under state law. Pferd argues that the apparent state law claims should be dismissed with prejudice because the outcome of those claims is "absolutely clear." *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012). Since the nature of Echols' claims are not easily discernable, the more appropriate course of action is to relinquish jurisdiction and dismiss the claims without prejudice, thus allowing the possibility that Echols could re-plead in state court and state an actionable claim for relief. *Id.* at 479 ("[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims").

**IT IS HEREBY ORDERED THAT** Pferd's motion to dismiss [ECF No. 8] is **GRANTED**. Echols' motions to appoint counsel [ECF Nos. 3, 14] are **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2016.

                                     **SO ORDERED:**

                                     *[signature: Rudolph T. Randa]*
                                     **HON. RUDOLPH T. RANDA**
                                     **U.S. District Judge**